United States District Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MANIA ID EL GHSER,**<br>**Petitioner,** | §<br>§<br>§ | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01064** |
| **WARDEN, *et al.*,**<br>**Respondents.** | §<br>§<br>§ | |

**ORDER**

Petitioner is currently detained in federal immigration custody. Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Under 28 U.S.C. § 2241), (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 7).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by September 8, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by September 10, 2026, at 5:00 p.m.**

## I. BACKGROUND

### A. Factual Background

Petitioner, a citizen of Morocco, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2023. (*See* Dkt. No. 7-1 at 2).[1] After he entered, Petitioner was apprehended by immigration authorities, served a Notice to Appear, and released on his own recognizance. (*See id.* at 3). Respondents' evidence indicates that Petitioner has no criminal history. (Dkt. No. 7-2 at 3).

On December 2, 2025, Petitioner was re-detained by immigration officials. (*Id.* at 2). He has remained continuously detained since then, totaling over nine months in

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

immigration detention. Petitioner has not received a bond hearing while he's been detained. (*See* Dkt. No. 1 at 18). While the petition has been pending, Petitioner was ordered removed. (Dkt. No. 7-3 at 1). However, he filed a timely appeal, so his order of removal is not final. (*See* Dkt. No. 7-4 at 1); 8 C.F.R. § 1241.1. He remains detained pending that appeal.

**B. Legal Background**

DHS and the Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the BIA in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g., Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494–95 (S.D.N.Y. 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See Buenrostro-Mendez*, 166 F.4th at 502–08 (focusing discussion exclusively on interpretation of 8 U.S.C. § 1225); *see also Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 790–91 (S.D. Tex. 2026) (clarifying that *Buenrostro-Mendez* does not foreclose due process claims); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *rev'd and remanded sub nom Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (explaining the Court's prior statutory interpretation of Section 1225).

On July 2, 2026, the Fifth Circuit issued a panel decision in *Sosnava-Rodriguez v. Ortega*, which addressed the due process issues presently before the Court. 180 F.4th 702 (5th Cir. 2026). The Fifth Circuit panel held that noncitizens detained under 8 U.S.C.

§ 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing. *Id.* at 727–28. On July 10, 2026, the Fifth Circuit granted its own motion for rehearing en banc. *Sosnava-Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Consequently, the July 2 opinion was vacated and is no longer binding authority. *Id.*

On July 21, 2026, following the vacatur of the panel decision, the Fifth Circuit issued a stay of the underlying district court judgments. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026). Respondents argue that the stay order serves as binding precedent on this Court as to the substantive issues in this case. However, interim orders granting a stay are "not conclusive as to the merits," but may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Here, the Fifth Circuit's stay order does not address the scope of the stay, nor does it provide reasoning or analysis explaining the stay. As such, the Court finds that the stay order does not prevent the Court from ruling on the merits of this case. While this Court must follow the Fifth Circuit's binding precedent, the Court cannot discern meaning from, and is not bound by, an unexplained stay order. Absent clearer guidance from the Fifth Circuit, the Court will proceed to address the merits of these cases pending before it. *See, e.g.*, *Mercado Leyva v. U.S. Dep't of Just. Immigr. Court*, 5:26-CV-01196, slip op. at 2–3 n.1 (S.D. Tex. July 23, 2026); *Tolentino-Rodriguez v. Blanche*, 4:26-CV-05611, slip op. at 2 n.1 (S.D. Tex. July 23, 2026); *Guerra Estrada v. De Anda Ybarra*, EP-26-CV-1897, 2026 WL 2168090, at *1 n.1 (W.D. Tex. July 28, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026).

## II. DISCUSSION

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. In his petition, Petitioner asserts two claims: violation of the INA and violation of the Fifth Amendment right to due process. Petitioner requests, among other things, that this Court issue an order immediately releasing him from custody, or providing a bond hearing, and awarding reasonable attorney's fees.

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention and that his detention does not violate due process. The Court principally addresses Petitioner's procedural due process claim and finds that his

detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, 2026 WL 1862153 (S.D. Tex. Mar. 27, 2026).

There, this Court found: *Buenrostro* does not foreclose due process challenges to mandatory detention; a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2); Supreme Court precedent does not foreclose that type of challenge; and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Here, Petitioner has resided in the United States since 2023, which the Court finds sufficient to create a liberty interest requiring that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings so long as they were in compliance with all conditions of release. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to his residence since 2023, that he would be free from detention or at least entitled to seek bond while his removal proceedings were

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, 2026 WL 1862153, at *11.

pending. He was released from detention in 2023 and spent over two years out of custody before he was re-detained. Respondents do not assert that Petitioner violated any conditions of his release. That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, 2026 WL 1862153, at *4 n.6 (collecting cases).

The Court notes that Petitioner has been in custody for over nine months, and he would otherwise remain in detention while his BIA appeal is pending. His dentition is not based on conviction for a crime—it is civil in nature—and he has never received an individualized hearing to determine whether he is a danger to the community or a flight risk. For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, Respondents are not entitled to judgment as a matter of law. The Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.[4]

## III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (Under 28 U.S.C. § 2241), (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion for Summary Judgment, (Dkt. No. 7), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by September 8, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit

[4] A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful deprivation of liberty without due process—is remedied by granting her immediate release, rather than ordering a bond hearing. As explained in *Lopez Moncebais*, "[t]he Court recognizes the weight of its decision to order Petitioner's release from custody." 2026 WL 1862153, at *10 n.20. The Court reaches this conclusion for several reasons. First, the Fifth Circuit has held that Section 1226(a), which provides for a bond hearing, does not apply to any applicants for admission. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504–05 (5th Cir. 2026). Additionally, providing a hearing after Petitioner's unjustified deprivation of liberty does not cure the deprivation. *See Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 799–800 (S.D. Tex. 2026). Finally, the Court finds that an Immigration Judge would be unlikely to hold the bond hearing if ordered because the BIA's position is that there is no jurisdiction to hold bond hearings for all applicants for admission detained under Section 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *see also Rojas v. Noem*, No. EP-25-CV-443, 2025 WL 3038262, at *4 n.2.

a status report to the Court confirming Petitioner's release **by September 10, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner, including his request for attorney's fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on September 3, 2026.

John A. Kazen
United States District Judge